Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
600 W. Broadway, Suite 700
San Diego, CA 92101
(619) 202-1210 Phone
(619) 452-2507 Fax

Attorney for plaintiff
United Financial Casualty Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United Financial Casualty Company;<br><br>       Plaintiff,<br><br>   v.<br><br>Angel Angelov; Gabriel Hernandez, Jr.; Anthony Crouch; Prestige Transportation Inc.; Prestige Inc.; Forward Air, Inc.; F.A.F., Inc.; Xpress Trans, Inc.; and Lloyd's Illinois, Inc.<br><br>       Defendants. | Case No.<br><br>**Complaint for Declaratory Relief, Damages, Equitable Indemnity and Equitable Contribution**<br><br>**Demand for Jury Trial** |

Plaintiff United Financial Casualty Company ("UFCC") alleges:

### Jurisdiction

1.   Jurisdiction exists under 28 U.S.C. section 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

2. Venue is proper under 28 U.S.C. section 1391 because, for venue purposes, each defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

## Parties

3. UFCC is a corporation incorporated under the laws of Ohio. Its principal place of business is in Ohio.

4. Defendant Angel Angelov is a natural person. He is a citizen of California. He resides in California.

5. Defendant Gabriel Hernandez, Jr. is a natural person. He is a citizen of California. He resides in California.

6. Defendant Anthony Crouch is a natural person. He is a citizen of California. He resides in California.

7. Defendant Prestige Transportation Inc. is a is a corporation incorporated under the laws of California. Its principal place of business is in California.

8. Defendant Prestige Inc. is a corporation incorporated under the laws of Illinois. Its principal place of business is in Illinois.

9. Defendant Forward Air, Inc. is a corporation incorporated under the laws of Tennessee. Its principal place of business is in Tennessee.

10. Defendant F.A.F., Inc. is a corporation incorporated under the laws of Tennessee. Its principal place of business is in Tennessee.

11. Defendant Xpress Trans, Inc. is a corporation incorporated under the laws of California. Its principal place of business is in California.

12. Defendant Lloyd's Illinois, Inc. is a corporation incorporated under the laws of Illinois. Its principal place of business is in Illinois.

### General Allegations

13. UFCC is an insurance company. On or about April 18, 2014, UFCC insured Angel Angelov under a commercial auto insurance policy, policy no. 04690751-3 (the "UFCC policy"). The UFCC policy was issued effective May 4, 2013 and was in force through May 4, 2014.

14. The UFCC policy was subject to a declarations page, which listed a 2005 Volvo tractor as a described auto. The declarations page also listed the following type of liability coverage purchased by Angel Angelov, commonly known as "bobtail insurance": Non-Trucking Liability to Others.

15. Under Part I – Liability to Others, the UFCC policy contained the following insuring agreement:

> INSURING AGREEMENT - LIABILITY TO OTHERS
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. ...
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

16. The UFCC policy was also endorsed with a Contingent Liability Endorsement – Limited Liability Coverage for Non-Trucking Use of an Automobile. Under the endorsement, the UFCC policy was modified as follows:

> We agree with you that the insurance provided under your Commercial Auto Policy is modified as follows:
>
> **PART I – LIABILITY TO OTHERS**
>
> ...
>
> B. The following exclusion is added:
>
>> 15. **Trucking Use**
>>
>> Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:
>>
>> a. To carry property or while such property is being loaded or unloaded from the **insured auto** or an attached **trailer**; or
>>
>> b. In any business or for any business purpose.

17. While the UFCC policy was in effect, Angel Angelov and Prestige Inc. and/or Prestige Transportation Inc. were parties to an equipment lease and operating contract (the "leasing agreement"). Under the leasing agreement, Prestige Inc. and/or Prestige Transportation Inc. agreed to lease from Angel Angelov various equipment and drivers to transport property, including the 2005 Volvo tractor.

18. Under the leasing agreement, Prestige Inc. and/or Prestige Transportation acknowledged that under applicable state and federal regulations it was required to have possession, control, and use of the

leased equipment and assume all responsibility for operation of the equipment for the duration of the leasing agreement, with the exception for operation of the equipment by Angel Angelov, his employees or agents while Angel Angelov was off duty and not under dispatch by Prestige Inc. and/or Prestige Transportation Inc.

19.  Under the leasing agreement, Angel Angelov agreed to maintain all required insurance for operations called for under the leasing agreement. The leasing agreement also provided that Angel Angelov could satisfy this condition by purchasing insurance coverage through Prestige Inc. and/or Prestige Transportation Inc.'s fleet program, with the expense for same to be deducted from payment by Prestige Inc. and/or Prestige Transportation to Angel Angelov.

20.  UFCC is informed and believes and thereon alleges that Angel Angelov purchased trucking liability insurance for the operations called for by the leasing agreement through Prestige Inc. and/or Prestige Transportation Inc.'s fleet insurance program, which included participating insurer Lloyd's Illinois, Inc.

21.  UFCC is informed and believes and thereon alleges that Lloyd's Illinois, Inc. issued a policy of trucking liability insurance to Angel Angelov and that such trucking liability coverage was in force on April 18, 2014.

22.  On November 18, 2014, Anthony Crouch filed a lawsuit in Riverside Superior Court, action no. MCC 1401591 (the "Crouch lawsuit"). In the operative complaint in the Crouch lawsuit, Anthony Crouch alleges claims for bodily injury arising out of an April 18, 2014 incident. According to the operative complaint, Anthony Crouch sustained bodily injury on that date as a result of the following circumstances:

> On April 18, 2014, [Anthony Crouch] was a passenger in the cab of a tractor-trailer driven by defendant GABRIEL HERNANDEZ. [Anthony Crouch] was lawfully in the cab and was asleep when defendant HERNANDEZ apparently fell asleep at the wheel and loss control of the truck causing the accident. At the time of the crash, defendant had been driving eastbound on Interstate 40 in Tucumcari, New Mexico carrying a load of televisions. [Anthony Crouch] is informed and believes that defendants PRESTIGE TRANSPORT, FORWARD AIR INC., and F.A.F. INC., are experienced providers of integrated logistics and freight forwarding services. [Anthony Crouch] is informed and believes that defendant's ANGEL ANGELOV, PRESTIGE TRANSPORTATION, INC., FORWARD AIR INC. and F.A.F. INC. were operating the vehicle under a public franchise and were subject to regulations enacted for the protection of the public. …

23. According to a police report for the April 18, 2014 incident, the tractor involved in the incident was the 2005 Volvo. At the time of loss, the 2005 Volvo bore a placard on behalf of Prestige Inc. and/or Prestige Transportation Inc.

24. In the Crouch lawsuit, Anthony Crouch seeks damages in excess of $1 million.

25. Angel Angelov tendered the defense of the Crouch lawsuit to UFCC. UFCC is currently defending Angel Angelov against the claims made in the Crouch lawsuit, subject to a reservation of rights, including the rights to deny coverage, withdraw its defense, and seek reimbursement from Angel Angelov for money incurred to defend the Crouch lawsuit.

26. UFCC tendered the defense of Angel Angelov against the claims made in the Crouch lawsuit to Lloyd's Illinois, Inc. Lloyd's Illinois, Inc. has refused to defend Angel Angelov.

27. At the time of loss as alleged in the Crouch lawsuit, the 2005 Volvo and any attached trailer were being operated, maintained, or used to carry property.

28. At the time of loss as alleged in the Crouch lawsuit, the 2005 Volvo and any attached trailer were being operated, maintained, or used in a business for a business purpose.

### First Cause of Action

*(Declaratory Relief on Duty to*

*Defend – Against all Defendants)*

29. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this first cause of action.

30. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to defend Angel Angelov against the claims made in the Crouch lawsuit. On the other hand, each defendant contends that UFCC does have an obligation under the UFCC policy to defend Angel Angelov against the claims made in the Crouch lawsuit.

31. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to defend Angel Angelov against the claims made in the Crouch lawsuit.

## Second Cause of Action

*(Declaratory Relief on Duty to*

*Indemnify – Against all Defendants)*

32. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this second cause of action.

33. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to indemnify Angel Angelov against the claims made in the Crouch lawsuit. On the other hand, each defendant contends that UFCC does have an obligation under the UFCC policy to indemnify Angel Angelov against the claims made in the Crouch lawsuit.

34. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to indemnify Angel Angelov against the claims made in the Crouch lawsuit.

## Third Cause of Action

*(Declaratory Relief on Duty to*

*Defend – Against Lloyd's Illinois, Inc.)*

35. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this third cause of action.

36. An actual controversy exists between UFCC and Lloyd's Illinois, Inc. On the one hand, UFCC contends Lloyd's Illinois, Inc. has an obligation to defend Angel Angelov against the claims made in the Crouch lawsuit. On the other hand, Lloyd's Illinois, Inc. contends that it does not have an obligation to defend Angel Angelov against the claims made in the Crouch lawsuit.

37. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and Lloyd's Illinois, Inc., specifically, for a declaration that Lloyd's Illinois, Inc. has an obligation to defend Angel Angelov against the claims made in the Crouch lawsuit.

### Fourth Cause of Action

*(Declaratory Relief on Duty to Indemnify – Against Lloyd's Illinois, Inc.)*

38. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this fourth cause of action.

39. An actual controversy exists between UFCC and Lloyd's Illinois, Inc. On the one hand, UFCC contends Lloyd's Illinois, Inc. Has an obligation to indemnify Angel Angelov against the claims made in the Crouch lawsuit. On the other hand, Lloyd's Illinois, Inc. contends that it does not have an obligation to indemnify Angel Angelov against the claims made in the Crouch lawsuit.

40. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and Lloyd's Illinois, Inc., specifically, for a declaration that Lloyd's Illinois, Inc. has an obligation to indemnify and Angel Angelov against the claims made in the Crouch lawsuit.

### Fifth Cause of Action

*(Reimbursement of Defense Costs – Against Angel Angelov)*

41. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this fifth cause of action.

42. UFCC has incurred economic damages, in the form of attorneys' fees and litigation costs, to defend Angel Angelov against the claims made in the Crouch lawsuit.

43. There is no potential for coverage under the UFCC policy for the claims made against Angel Angelov in the Crouch lawsuit.

### Sixth Cause of Action
*(Equitable Indemnity – Against*
*Lloyd's Illinois, Inc.)*

44. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this sixth cause of action.

45. As a result of the refusal by Lloyd's Illinois, Inc. to defend Angel Angelov against the claims made in the Crouch lawsuit, UFCC has paid amounts for which Lloyd's Illinois, Inc. is primarily liable and which in good conscience and equity should have been paid by Lloyd's Illinois Inc..

46. UFCC is entitled to indemnification from Lloyd's Illinois, Inc. to the extent that UFCC has paid money for which Lloyd's Illinois, Inc. is primarily liable.

### Seventh Cause of Action
*(Equitable Contribution – Against*
*Lloyd's Illinois, Inc.)*

47. UFCC incorporates the allegations in paragraphs 1–28 as though fully set forth within this sixth cause of action.

48. As a result of the refusal by Lloyd's Illinois, Inc. to defend Angel Angelov against the claims made in the Crouch lawsuit, UFCC has paid more than its proportionate obligation to defend against the claims made in the Crouch lawsuit.

49. UFCC is entitled to receive from Lloyd's Illinois, Inc. all amounts UFCC has paid in excess of its proportionate obligation to defend against the claims made in the Crouch lawsuit.

### Prayer

Wherefore, UFCC prays for judgment as follows:

1. For a judicial declaration that UFCC has no obligation under the UFCC policy to defend Angel Angelov against the claims made in the Crouch lawsuit;

2. For a judicial declaration that UFCC has no obligation under the UFCC policy to indemnify Angel Angelov against the claims made in the Crouch lawsuit;

3. For a judicial declaration that Lloyd's Illinois, Inc. has an obligation to defend Angel Angelov against the claims made in the Crouch lawsuit;

4. For a judicial declaration that Lloyd's Illinois, Inc. has an obligation to indemnify Angel Angelov against the claims made in the Crouch lawsuit;

5. For damages in the form of reimbursement of attorneys' fees and litigation costs incurred by UFCC to defend Angel Angelov against the claims made in the Crouch lawsuit;

6. For equitable indemnity from Lloyd's Illinois, Inc. for the cost of defending Angel Angelov against the claims made in the Crouch lawsuit;

7. For equitable contribution from Lloyd's Illinois, Inc. in an amount equal to its proportionate share for the cost of defending Angel Angelov against the claims made in the Crouch lawsuit;

8. For costs of suit incurred herein; and

9. For such further relief the court deems just and proper.

December 24, 2015 Respectfully submitted,

By: */s/ Patrick M. Howe*
Patrick M. Howe

Attorney for plaintiff United Financial Casualty Company

*pat@patrickhowelaw.com*

**Demand for Trial by Jury**

UFCC demands a jury trial on all issues in this action.

December 24, 2015 Respectfully submitted,

By: */s/ Patrick M. Howe*
Patrick M. Howe

Attorney for plaintiff United Financial Casualty Company

*pat@patrickhowelaw.com*

–12–